# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2940

_____

David Lee Cross,                              *
                                             *
       Petitioner-Appellant,               *
                                             *  Appeal from the United States
       v.                                  *  District Court for the
                                             *  District of Minnesota.
James Bruton, Warden; Michael Hatch,         *
                                             *
       Respondents-Appellees.              *

_____

Submitted:  March 14, 2001

Filed:    May 3, 2001

_____

Before BYE, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

LAY, Circuit Judge.

This case is before us on appeal by David Lee Cross from the district court's denial of his petition for a writ of habeas corpus. Cross was indicted and tried for first-degree domestic abuse homicide in violation of Minn. Stat. § 609.185(6) (Supp. 2001) and second-degree murder in violation of Minn. Stat. § 609.19(1) (Supp. 2001). A jury found him guilty of both offenses and Cross was sentenced to a mandatory life sentence.

Cross appealed the judgment to the Minnesota Supreme Court, which affirmed the conviction. Cross then filed a Petition for a Writ of Habeas Corpus in the United States District Court for the District of Minnesota. The Honorable Ann D. Montgomery denied the petition but granted a Certificate of Appealability to this court on the issue of whether the Minnesota Supreme Court decision in State v. Cross, 577 N.W.2d 721 (Minn. 1998), concluding that the state does not need to prove each act of domestic abuse beyond a reasonable doubt, is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. We find that the Minnesota Supreme Court's decision was in accord with federal law.

**I.**

The facts of this case have been amply stated in the opinion issued by the district court. See Cross v. Bruton, Civ. No. 99-631, slip op. at *1 (D. Minn. June 23, 2000) (incorporating facts stated in Report & Recommendation by reference). We review the district court's legal conclusions de novo. See Dye v. Stender, 208 F.3d 662, 665 (8th Cir. 2000).

Our analysis of habeas cases challenging state convictions is governed by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2254(d)(1) (Supp. 2000). That standard, as articulated by the Supreme Court, provides that:

> [T]he writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Williams v. Taylor, 529 U.S. 362, 412 (2000).

-2-

## A.

Minnesota's domestic abuse resulting in homicide statute punishes conduct that "causes the death of a human being while committing domestic abuse, when the perpetrator has engaged in a past pattern of domestic abuse upon the victim . . . and the death occurs under circumstances manifesting an extreme indifference to human life." Minn. Stat. § 609.185(6). The focus of this appeal is what constitutes a "pattern of domestic abuse" under the statute.

In affirming Cross' conviction, the Minnesota Supreme Court found that the statute "does not require proof of a pattern of domestic abuse *convictions*, or specify a minimum number of incidents which must be proven in order to find a 'pattern,' or specify that proof beyond a reasonable doubt is required as to the underlying acts." Cross, 577 N.W.2d at 727 (emphasis in original).[1]

Cross argues that each underlying act offered as evidence of the past pattern of domestic abuse is a separate element of the crime of domestic abuse homicide which must be proved beyond a reasonable doubt.[2] He contends that in affirming his

---

[1]At a minimum, however, the State must prove more than one prior act of domestic abuse. State v. Grube, 531 N.W.2d 484, 491 (Minn. 1995) ("A lone act . . . cannot constitute a pattern.")

[2]The jury instructions specified the elements of domestic abuse homicide under Minnesota law as follows:

> First the death of Heidi Rae Haines must be proven; Second the death of Heidi Rae Haines occurred while Defendant was committing domestic abuse as I have just defined it to you; Third Defendant engaged in a past pattern of domestic abuse upon Heidi Rae Haines; Fourth the death of Heidi Rae Haines occurred under circumstances which manifested an extreme indifference to human life; Fifth Defendant's acts took place on

conviction, the Minnesota Supreme Court violated the clearly established law of In re Winship, where the United States Supreme Court stated that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970). Cross also relies on basic principles of due process discussed by the Supreme Court in Schad v. Arizona, 501 U.S. 624 (1991).[3]

## B.

We find that the Minnesota Supreme Court's decision in this case was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. See Williams, 529 U.S. at 412. In short, Cross has not identified any authority that supports his claim.

Contrary to Cross' argument, Winship is inapposite to the issue at bar. By its own terms, Winship "present[ed] the single, narrow question whether proof beyond a reasonable doubt is among the 'essentials of due process and fair treatment' required during the adjudicatory stage when a juvenile is charged with an act which would

---

June 28, 1996, in Hennepin County.

(Trial Tr. at 298). In defining "domestic abuse," the court charged the jury that "committing any of the following offenses against a family or household member. Family or household members are persons who are presently residing together or have resided together in the past or persons involved in a significant romantic or sexual relationship." Id. at 296.

[3]Cross also relies on Richardson v. United States, 526 U.S. 813, 817-18 (1999) for the proposition that each element of domestic abuse is an element of the offense, which requires jury unanimity, as opposed to a means, or the underlying fact of the offense, which does not require jury unanimity. We decline to discuss this argument because Richardson was decided after Cross was convicted and therefore is not properly applied in this case.

-4-

constitute a crime if committed by an adult." 397 U.S. at 359. Winship did not announce new principles of due process or alter the burden of proof applicable in criminal cases. Rather, it extended due process guarantees to juvenile proceedings.

Cross' reliance on Schad also is misplaced. In Schad, the Supreme Court explained the difference between the elements and the means of a crime. See 501 U.S. at 631 (recognizing "a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which a crime was committed."). The Court noted the due process limits that prohibit states from defining a crime in a manner so vague as to "permit[] a defendant's conviction without jury agreement as to which course [of conduct] or state [of mind] actually occurred." Id. at 632. Ultimately, however, the Court concluded that distinction between the elements and the means of a crime "represent value choices more appropriately made in the first instance by a legislature than by a court." Id. at 638. Given that Cross' argument is unfounded in federal criminal law, this case does not warrant a defiance of the judicial restraint embraced by the Supreme Court in Schad.

In addition to being unsupported by legal precedent, Cross' argument also defies common sense. First, if the legislature meant for a pattern of domestic abuse to be premised on convictions for those offenses, we assume the legislature would have written the law to that end. It did not and we will not read into a statute requirements that the legislature did not enumerate. Further, as noted by Magistrate Judge Jonathan G. Lebedoff in his Report and Recommendation to the District Court:

> If Petitioner's interpretation of the statute were adopted, the likelihood of securing a conviction would decrease as the amount of evidence of domestic abuse increased, because the greater number of incidents presented by the prosecution, the greater the likelihood that the jury would find at least one of those incidents had not been proven beyond a reasonable doubt . . . . Surely the Minnesota legislature could not have intended such an absurd consequence when it incorporated the "past

-5-

pattern of domestic abuse" requirement into the domestic abuse homicide statute.

Cross v. Bruton, Civ. No. 99-631, Report & Recommendation at 10-11 (D. Minn. May 3, 2000).

We find the district court's denial of the petition for a writ of habeas should be affirmed.

ORDER AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.